# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

№ 05-CV-2449 (JFB) (VVP)
_____

EILEEN MERKENT,

Plaintiff,

VERSUS

SI BANK & TRUST SPRING 2004 SEVERANCE BENEFIT PLAN

Defendant.

_____

MEMORANDUM AND ORDER
April 5, 2006
_____

JOSEPH F. BIANCO, District Judge:

The plaintiff, Eileen Merkent, filed suit against the defendant, SI Bank & Trust Spring 2004 Severance Benefit Plan, for relief under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. The defendant moves for judgment on the pleadings, pursuant to FED. R. CIV. P. 12(c). Because the plaintiff failed to exhaust administrative remedies, and because her common law contract claim is barred by ERISA preemption, the Court dismisses the complaint without prejudice.

I. BACKGROUND

Merkent was formerly employed by SI Bank & Trust, which merged with Independence Community Bank ("ICB") in 2004. (Compl. ¶¶ 6-7.) In April of 2004, the merged entity announced its intention to reduce its work force, and circulated documentation which explained a severance benefits plan, entitled the "SI Bank & Trust Spring 2004 Severance Benefits Plan" (hereinafter referred to as "the Plan"). The Plan was designed to give benefits to employees whose employment was not continued by the merged entity. (Pl. Ex. G ¶ 1.)[1] In order to be eligible, an employee had

---

[1] This Court may consider the Plan documentation for the purposes of this motion because it is referred to in the complaint. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir. 2002) (noting that for the purposes of a motion to dismiss, a complaint is considered to include

to have been involuntarily terminated, other than for cause, prior to the earlier of April 30, 2004 or the day upon which the merger between the entities became effective. (*Id.* §§ 2.3, 2.10, 3.1(a).) The Plan also outlined certain conditions under which an employee would *not* be eligible for benefits under the Plan, including the circumstance where the employee:

> Resigned or was terminated after declining to accept, an offer of, or a transfer to, a comparable position with ICB or one of its subsidiaries or another company which acquires, is acquired by or merges with ICB, or a company with is providing services to ICB pursuant to an independent contract, with no significant reduction in his or her relative employment status or rate of total compensation, unless the location of the job is substantially different from the Covered Employee's then current job and creates an undue hardship on the employee, as determined by the Administrator.

(*Id.* § 3.2.1(c).) The Plan also detailed procedures by which an employee could appeal the denial of his or her benefits, under Section 11:

> If an employee's claim is denied, the employee (or his or her duly authorized representative) may apply in writing to the Administrator for a review of the decision denying the claim. The employee (or representative) then will have the right to review pertinent documents and to submit issues and comments in writing. The Administrator will provide written notice of his or her decision on review within 60 days after he or she receives a review request. If special circumstances require an extension of time (up to 60 days), written notice of the extension will be given to the employee within the initial 60-day period.

(*Id.* § 11.)

As a result of the merger, plaintiff was notified that she was going to be moved to a new position within the merged entity. (Compl. ¶ 8.) According to the complaint, plaintiff rejected the job offer because she did not feel that it was comparable to her previous position. (*Id.* ¶ 12.) Plaintiff was given a Termination Agreement, entitled the "Termination Agreement Containing a General Release and Waiver," which outlined a severance package and was open for acceptance up until and including May 24, 2004. (*Id.* ¶ 11.) The plaintiff did not accept the offer by April 12, 2004, when she was advised by an agent of the defendant that the Termination Agreement was being revoked because the plaintiff was "not eligible for severance benefits." (*Id.* ¶ 14.) Plaintiff received written confirmation of the revocation by letter dated April 13, 2004, which notified her that she was deemed ineligible due to the Plan's exclusion under Section 3.2.1(c). (*Id.* ¶ 15.)

The plaintiff subsequently filed the instant action alleging a violation of ERISA, on the ground that the defendant's unlawful conduct deprived her of severance benefits to which she was entitled under the Plan. (*Id.* ¶¶ 20-23.) The lawsuit also contains a cause of action for breach of implied contract. (*Id.* ¶¶

---

documents referred to therein).

24-25.)

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings, pursuant to FED. R. CIV. P. 12(c) is evaluated under the same standard as a FED. R. CIV. P. 12(b)(6) motion to dismiss for failure to state a claim. *See Nicholas v. Goord*, 430 F.3d 652, 658 n.8 (2d Cir. 2005). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). Dismissal is warranted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 145 (2d Cir. 2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The appropriate inquiry is "not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Twombly v. Bell Atlantic Corp.*, 425 F.3d 99, 106 (2d Cir. 2005).

## III. DISCUSSION

The defendant has moved for judgment on the pleadings, pursuant to FED. R. CIV. P. 12(c). The Court examines its arguments with respect to each of the two claims in the complaint in turn.

### A. ERISA Claim

The defendant argues that the plaintiff's ERISA claim should be dismissed for failure to exhaust the Plan's available administrative remedies. For the reasons stated below, this Court agrees.

The Second Circuit has recognized the "firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases." *Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 598 (2d Cir. 1993). The doctrine of exhaustion of administrative remedies rests on the principle "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Id.* at 592. The purpose of the requirement is to "help reduce the number of frivolous lawsuits under ERISA; to promote the consistent treatment of claims for benefits; to provide a nonadversarial method of claims settlement; and to minimize the costs of claims settlement for all those concerned." *Id.* at 594 (quoting *Amato v. Bernard*, 618 F.2d 559, 567 (9th Cir. 1980)).[2]

Although the Plan plainly included a provision that allowed for appeal,[3] the record is devoid of any indication that an appeal was pursued. The plaintiff admits that she did not file an appeal, and she does not offer any excuse for her failure to do so.[4] In these

---

[2] *See also Denton v. First Nat'l Bank of Waco, Texas*, 765 F.2d 1295, 1300 (5th Cir. 1985) (noting that "[t]he primary purposes of the exhaustion requirement are to: (1) uphold Congress' desire that ERISA trustees be responsible for their actions, not the federal courts; (2) provide a sufficiently clear record of administrative action if litigation should ensue; and (3) assure that any judicial review of fiduciary action (or inaction) is made under the arbitrary and capricious standard, not *de novo*").

[3] (Pl. Ex. G ¶ 11.)

[4] There is an exception to the administrative exhaustion requirement where a claimant makes a "clear and positive showing" that pursuing available administrative remedies would be futile because that would eviscerate the purposes behind

3

circumstances, the Court is compelled to dismiss her ERISA claim for failure to exhaust administrative remedies.[5]

### B. Contract Claim

The defendant argues that the plaintiff's New York state law contract claim should be dismissed because it is preempted by ERISA. For the reasons stated below, this Court agrees.

ERISA contains a broad preemption provision, which plainly states that it shall "supersede any and all State laws insofar as they . . . relate to any employee benefit plan." 29 U.S.C. § 1144(a); *Smith v. Dunham-Bush, Inc.,* 959 F.2d 6, 8 (2d Cir. 1992) ("In ERISA, Congress expressly included a broadly worded preemption clause within a comprehensive statutory scheme."). It is well-settled that common law claims seeking to recover benefits under an ERISA plan are preempted by the statute and must be dismissed. *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 57 (1987); *see also Kolasinski v. Cigna Healthplan of CT, Inc.,* 163 F.3d 148, 149 (2d Cir. 1998) (dismissing preempted common law claim for failure to pay benefits under ERISA plan).

There is no doubt that plaintiff's state contract law claim seeks to recover severance benefits that she believes are owed to her under the Plan. Accordingly, the claim is preempted by ERISA and must be dismissed.[6]

### IV. CONCLUSION

It should be noted that in her opposition papers to the instant motion, the plaintiff was utterly unresponsive to the arguments presented by the defendant. First, the plaintiff failed to address defendant's arguments that

---

the requirement. *See Kennedy*, 989 F.2d at 594 (internal citations omitted). The plaintiff has made no effort to allege or demonstrate that engaging in an appeal would be futile. In fact, she does not even argue that it would be futile in her opposition papers. Thus, this Court cannot find that an appeal would be futile because plaintiff has failed to meet her burden with respect to that exception to the administrative exhaustion requirement.

[5] *Lewis v. John Hancock Mut. Life Ins. Co.,* 6 F. Supp. 2d 244, 248 (S.D.N.Y. 1998) (finding that plaintiff's ERISA claim failed "for failure to exhaust administrative remedies" where "[p]laintiff neither followed proper review procedures nor proffered a reasonable explanation why such review procedures were not followed.").

[6] *Reichelt v. Emhart Corp.*, 921 F.2d 425, 431 (2d Cir. 1990) ("ERISA preempts civil actions against employers for severance pay predicated on common-law contract principles"); *Toussaint v. JJ Weiser & Co.,* 2005 WL 356834, at *16 (S.D.N.Y. Feb. 13, 2005) (dismissing contract claims on preemption grounds because "obligations alleged to have been unmet or violated are contained in the ERISA-regulated benefits plan"); *Keiser v. CDC Inv. Mgmt. Corp.,* 160 F. Supp. 2d 512, 517 (S.D.N.Y. 2001) (holding that a claim was preempted by ERISA because it explicitly referenced ERISA-qualified plan and sought to recover benefits under the plan); *Berg v. Empire Blue Cross & Blue Shield*, 105 F. Supp. 2d 121, 130 (E.D.N.Y. 2000) ("[c]ourts have consistently held that ERISA preempts state common law . . . claims such as breach of contract") (internal citation omitted); *Kissner v. Inter-Continental Hotels Corp.,* 2000 WL 877007, at *5 (S.D.N.Y. Jun. 30, 2000) (finding that ERISA preempted plaintiff's state law claim for severance benefits); *Schwartz v. Newsweek, Inc.*, 653 F. Supp. 384, 389 (S.D.N.Y. 1986) ("[C]ourts have repeatedly held that ERISA preempts state law contract claims relating to an employee benefit plan, such as severance pay.").

4

the complaint should be dismissed because of a failure to exhaust administrative remedies. Rather, the plaintiff solely focused upon arguments that the defendant arbitrarily denied her benefits and was motivated by a notion that she was planning on working for a competitor. However, even if her position is correct, the plaintiff had recourse before running to federal court and filing her ERISA action–she could have appealed the administrator's decision under the terms of the Plan. Similarly, the plaintiff failed to address ERISA preemption of her contract claim, and focused instead on explaining why she believes there was breach. Assuming *arguendo* that there was breach, the plaintiff has no recourse before this Court because the breadth of ERISA's preemption provision plainly bars this Court's ability to adjudicate her common law contract claim.

Accordingly, the defendant's motion to dismiss is granted. The Court dismisses the complaint, without prejudice. The Clerk of the Court shall close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: April 5, 2006
Brooklyn, New York

\* \* \*

The attorney for the plaintiff is Thomas F. Bello, Esq., 2 Green Street, Second Floor, Staten Island, New York, 10310. The attorneys for the defendant are Ira G. Rosenstein, Esq. and Lisa Swanson, Esq. of Orrick, Herrington & Sutcliffe LLP, 666 Fifth Avenue, New York, New York, 10103.